UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JEROME NOBLE, <br><br> Plaintiff, <br><br> -against- <br><br> CARTER; SANTIAGO; BATCHELOR; CHESTER; MORALES; BANKS, <br><br> Defendants. | 23-CV-11014 (LTS) <br><br> TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is currently incarcerated at the George R. Vierno Center on Rikers Island, brings this *pro se* action under 42 U.S.C. § 1983. He alleges that from March 2020 to April 2023, he "continuously requested" permission to go to the law library at the Anna M. Kross Center (AMKC) but was denied access. (ECF 1 at 4.) Plaintiff already has a pending action in the United States District Court for the Eastern District of New York, in which he alleged that in February and August 2023, he was denied access to the law library at AMKC. *See Noble v. Warden C. Carter*, No. 23-CV-02650-RPK-LB (E.D.N.Y.). Both suits are against Acting Warden C. Carter; Captain G. Batchelor; Assistant Deputy Wardens Santiago, T. Banks, and T. Morales; and Deputy Warden S. Chester.[1] For the following reasons, this action is transferred to the United States District Court for the Eastern District of New York.

---

[1] After filing this complaint, Plaintiff submitted an "appendix," seeking to add Assistant Deputy Wardens Banks and Morales as defendants in this action. The Court treated this document as a supplement to the complaint and directed the Clerk of Court to add these defendants. Plaintiff also includes in that submission documents captioned for the Eastern District of New York, which may have been intended to be responsive to the pending motion to dismiss. (ECF 5.)

## DISCUSSION

Under the general venue provision, a civil action may be brought in

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

For venue purposes, a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff alleges that Defendants violated his rights at AMKC on Rikers Island, which is within the waters of Bronx County. *See* 28 U.S.C. § 112(c) (the Eastern District comprises "concurrently with the Southern District, the waters within the counties of Bronx and New York"). Venue of Plaintiff's claims arising at AMKC is therefore proper under Section 1391(b)(2) in both districts.

Here, at least some of Plaintiff's claims that Defendants denied him law library access at AMKC are already pending in the Eastern District of New York. In the Eastern District action, Plaintiff alleged that his claims arose on February 1-17, 2023, and on August, 6, 13, and 20, 2023. In this suit, Plaintiff alleges that his claims for denial of access to the law library arose from March 2020 to April 2023, encompassing at least some of the pending claims. The claims in both suits are also asserted against the same defendants and thus substantially overlap.

"Where there are two competing lawsuits, the first suit should have priority, absent the showing of balance of convenience . . . or . . . special circumstances . . . giving priority to the

second." *First City Nat. Bank & Tr. Co. v. Simmons*, 878 F.2d 76, 79 (2d Cir. 1989) (quoting *Motion Picture Lab. Technicians Loc. 780 v. McGregor & Werner, Inc.*, 804 F.2d 16, 19 (2d Cir. 1986)). "The first to file rule embodies considerations of judicial administration and conservation of resources." *Id.* at 80 (citing *Kerotest Mfg. Co. v. C–O–Two Fire Equip. Co.*, 342 U.S. 180, 183 (1952)). Transferring the second action to the district court where the first action is pending also "gives proper weight to the necessity of avoiding duplicative litigations, thereby conserving judicial resources." *Id.*

Here, Plaintiff's first suit was filed in the Eastern District of New York on or about February 21, 2023, when he gave the complaint to prison officials for mailing. *Noble*, No. 23-CV-2650 (E.D.N.Y.) (ECF 1 at 12.) Service was effected on all defendants, and they moved to dismiss that complaint in November 2023. Shortly thereafter, on or about December 12, 2023, Plaintiff filed this new action in the Southern District of New York.

To avoid duplicative litigation and conserve judicial resources, the Court concludes that it is appropriate to transfer of this action to the Eastern District of New York, where it could have been brought and where Plaintiff's substantially similar suit is pending. 28 U.S.C. § 1404(a)

## CONCLUSION

The Clerk of Court is directed to transfer this action, under 28 U.S.C. § 1404, to the United States District Court for the Eastern District of New York.[2] No summons shall issue from this Court. This order closes the case in the Southern District of New York.

---

[2] By order dated December 21, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis*.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: January 22, 2024
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge